**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109271

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT KRUPINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ROBERT KRUPINSKI (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NATIONWIDE CREDIT, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**PARTIES**

5.      Plaintiff is an individual who is a citizen of the State of New York.

6.      Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.      On information and belief, Defendant's principal place of business is located in Allentown, Pennsylvania.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10.      Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.      Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.      At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.      In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14.      Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15.      As set forth in the following Counts, Defendant's communication violated the FDCPA.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

16.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

2

17.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18.     While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

19.     Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

20.     Debt collectors may not make false statements in their attempts to collect debts.

21.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

22.     Defendant's letter to Plaintiff states, "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more."

23.     The statement, "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more," is false.

24.     The least sophisticated consumer would likely be deceived by Defendant's conduct.

25.     The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

26.     Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect Plaintiff's alleged debt.

## JURY DEMAND

27.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.      Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b.      Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c.      Plaintiff's costs; all together with

d.      Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: August 6, 2015

**BARSHAY SANDERS, PLLC**

By:   /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109271